IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARLON T. YOUNG,

                  Petitioner,                        ORDER

      v.                                       18-cv-913-wmc

GARY BOUGHTON,
Warden, Wisconsin Secure Program Facility,

                  Respondent.

Marlon T. Young, who is presently confined at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has also filed a motion to stay the petition while he pursues a collateral attack on his conviction in the state courts under Wis. Stat. § 974.06. (Dkt. # 3.)

Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner *and* state the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases. The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee

Note to Habeas Rule 4 (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir.1970)). The petition must cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir.1996).

Young's petition fails to cross that threshold. In Ground One of the petition, he asserts: "The Court of Appeal violated my right to the Sixth Amendment constitutional right to ineffective assistance of postconviction. Right to represent myself as pro se at trial and allow me to withdraw my no contest before sentencing." Construed very broadly, this allegation seems to raise three separate grounds for relief: (1) petitioner was denied his right to the effective assistance of counsel during post-conviction proceedings; (2) he was denied his right to represent himself pro se at trial; and (3) the trial court erred in refusing to allow him to withdraw his no contest plea before sentencing. Yet petitioner fails to provide any facts in support of these claims, stating only that "If I was allowed to represent myself pro se at trial, I wouldn't have plead no contest to 60 yrs. to a crime I did not commit." (Pet. (Dkt. # 1) ¶ 12.)

Petitioner has not provided enough facts in his petition from which to allow this court to conclude that his detention is illegal. With respect to his ineffective assistance of counsel claim, for example, petitioner does not say what his post-conviction counsel did wrong or how those errors affected the outcome of the proceedings. With respect to his claim that he should have been allowed to proceed *pro se* at trial, petitioner does not say why he wanted to represent himself or why the trial court denied his request. Similarly, with respect to his plea

withdrawal, petitioner never says *why* he wanted to withdraw his plea or why he thinks the court was wrong to deny his request. Without more information, this court has no basis to find that petitioner has stated plausible constitutional claims.

Young's motion for a stay suffers from the same lack of information. A stay is only appropriate when the court finds there was good cause for the petitioner's failure to exhaust his claims first in state court and where the unexhausted claims are not plainly meritless. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner does not even say what claims he wishes to pursue in the state courts, much less explain why he did not exhaust those claims during state court post-conviction proceedings. Without more information, this court has no basis to find either that good cause exists or that petitioner's unexhausted claims have potential merit.

Rather than dismiss the petition and motion for a stay, petitioner will be given the opportunity to amend his filings to provide more detail about both his exhausted and unexhausted claims. Petitioner must do more than simply state his grounds for relief. Rather, he must state his grounds *and* provide sufficient supporting facts to show that, if his alleged facts are true, then he is in custody in violation of his constitutional rights. With respect to his unexhausted claims, petitioner should also explain why he did not exhaust those claims in the state courts during state court post-conviction proceedings.

## ORDER

IT IS ORDERED that:

Not later than January 25, 2019, petitioner shall file an amended petition setting forth all of his claims---both exhausted and unexhausted---along with facts supporting each claim.  Petitioner should include a statement explaining why he has failed to exhaust his state court remedies with respect to his unexhausted claims.  If petitioner fails to supplement his filings as directed by January 25, 2019, then the presiding judge likely will dismiss the petition for failure to prosecute.

Entered this 2nd day of January, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge